## The Trayser Piano Manufacturing Company v. Charles Kirchner.

*Motion to have Pleading Made Specific.*—Where a pleading states sufficient facts, defects and uncertainties cannot be reached by a demurrer, but only by a motion to supply the defects. If a court refuses the motion, it must be made to appear, on an appeal, that the party applying has, or may reasonably be presumed to have, suffered harm from the refusal.

Filed May 18, 1881.

Appeal from Wayne Superior Court.

Henry N. Johnson and A. C. Lindemuth, for appellee, cited, 36 Ind. 490; 58 Ind. 29; 56 Ind. 545; Buskirk's Practice, 89, 171, to the effect that where a complaint is amended and refiled the original is superseded thereby and a demurrer to the original does not apply to the amended complaint unless again filed to it especially; Buskirk's Practice, 171, 172; 1 Blkf. 12; 5 Blkf. 575; 14 Ind. 304; 41 Ind. 489; 47 Ind. 580; 48 Ind. 37; 52 Ind. 382, that where an objection is made in the Supreme Court for the first time as to a sufficiency of facts, the objection cannot be entertained if any one of the paragraphs is good; Law of Corp. (Potter) vol. 1 § 37; Field on Corp. §§ 283, 290; Angell and Ames on Corporations §§ 112, 237; Pomeroy on Contr. § 56; 1 Ind. 281, that corporations are liable on implied contracts; 2 Stats. Rev. 1876, § 50 pp. 56—58, as to double demurrers stating the grounds distinctly and numbering them; also Buskirk's Prac. 196; *Wolf* v. *Schofield*, 36 Ind. 175; 10 Ind. 308, 424; 12 Ind. 533; 13 Ind. 232; 17 Ind. 410; 25 Ind. 259; 29 Ind. 163; 35 Ind. 348; 39 Ind. 212; 42 Ind. 410; 48 Ind. 172, that the above statute is to be strictly construed; 42 Ind. 390; 45 Ind. 41; 47 Ind. 263, as to the clerk's entry showing the filing of a bill of exceptions within the time allowed by the court; 1 Ind. 281; 9 Ind. 359; 25 Ind. 536; Field on Corp. §§ 247, 283, 285, 290; Angell and Ames on Corp. §§ 112, 219, 228, 231, 236, 237, 238, 284, 291, 292; Law of Corp. (1 Potter) § 237 and note 10 as to power of corporations to make binding verbal contracts; 55 Ind. 572; 58 Ind. 566; 60 Ind. 554, as to assignments of error; 7 Ind. 137; 10 Ind. 282, as to new contracts; 12 Ind. 243; 11 Ind. 254; 27 Ind. 288, as to parties; 2 Lansing 222, as to pleading referring

to another paper; Gould's Pleading, chap. 4, § 26 p. 168; chap. 3, p. 72, § 52; p. 73, § 53; p. 75, § 56, as to certainty in pleading; Gould's Pl. chap. 3, § 174 to 183; Stevens on Pl. side p. 390, as to pleading according to legal effect; 22 Minn. 429; 4 Fla. 192, that proof that a contract was made *by an agent* would cause no variance, although agency was not alleged in the complaint; 33 Ind. 185, as to authority to bind a corporation by express contract; Gould Pl. chap. 4, § 32; Stevens on Pl. side p. 370, as to stating facts peculiarly within the knowledge of the opposite party.

Opinion of the court by Mr. Justice Woods.

Action by the appellee against the appellant; finding and judgment for the plaintiff. The assignments of error are predicated on the action of the court in overruling the demurrers of the appellant to the respective paragraphs of the amended complaint, its motion to have the plaintiff required to make some of the paragraphs more specific, and its motion for a new trial, to each of which rulings exception was taken.

Counsel for the appellant has made no argument or suggestion in reference to the motion for a new trial. We are therefore relieved from considering it.

There is, too, no question in the record in reference to the rulings on the demurrers.

The transcript shows that the original complaint was filed on the 19th day of January, 1878, in the Wayne Circuit Court, and the case having been transferred by agreement to the Wayne Superior Court, an amended complaint was filed on June 4, 1878, to which the appellant filed her demurrer two days afterwards, which was overruled. On the 12th the plaintiff filed his second amended complaint, which alone is contained in the transcript, and to this the appellant answered without demurring. It is clear, therefore, that there was no ruling upon a demurrer to the complaint on which the issues were found and tried.

A bill of exception in the record shows that the motion to have the complaint made more specific was filed June 12, and after the filing of the amended complaint, but it is not clear whether it was filed before or after the last amended complaint was filed. The motion was sustained in so far as it asked for a more specific bill of particulars, but overruled in so far as it requested "the name of

the officer or person acting on behalf of the defendant who made
the alleged contract and agreement with the plaintiff." The sev-
eral paragraphs of the complaint were founded upon alleged parol
contracts between the plaintiff and the defendant, and it would
doubtless have been proper for the court to have made an order on
the plaintiff to state with what officer or agent of the defendant
the contract was claimed to have been made. However, we do not
think the judgment should be reversed on account of the refusal
of the motion. It does not appear that the appellant was ignorant
of the facts in this respect, or was surprised on the trial in refer-
ence thereto, or was harmed by the ruling in any way. If danger
of surprise had been apprehended, and the appellant really desired
the information asked for in her motion, she could have obtained
it by an interrogatory addressed to the plaintiff.

There are numerous cases wherein this court has held that de-
fects and uncertainties in a pleading which states facts sufficient
cannot be reached by a demurrer, but only by a motion to make
certain or to supply the defect; and, doubtless, there may be cases
in which the judgment should be reversed on account of the re-
fusal of the court to sustain such a motion, but not unless it be
made to appear that the party has, or reasonably may be presumed
to have, suffered harm from the adverse rulings. Sections of the
Code, 101, 580.

Judgment affirmed with costs.